FILED IN CLERKS OFFICE

**UNITED STATES DICTRICT COURT**

AUG 19 '24 PM1:59 USDC MA

**DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA

V.

CHARLIE D. VICK                    Case No. 4:23-CR-40003-MRG

## MOTION TO DISMISS BY REASON OF PROSECUTORIAL MISCONDUCT

Now comes the Defendant Charlie Vick, PRO-SE, and moves this Honorable Court for an order to dismiss the superseding indictment in this action on the grounds of prosecutorial misconduct.

The Defendant respectfully shows the Court the following:

The present superseding indictment against the defendant should be dismissed on grounds of "Vindictive Prosecution".

In the original indictment in this case, the government chose to charge the defendant with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. 922(g)(1). Essentially the single count alleged that Vick possessed a firearm recovered in a vehicle on February 21, 2023.

A trial was held for the above mentioned firearm charge. After a lengthy trial the jury could not reach an unanimous decision and a mistrial was declared.

Thus, the government, soon after it's unsuccessful attempt to try the defendant on the weapons charge, sought and obtained a superseding indictment containing one charge of witness tampering, which arose from the same nucleus of facts in the 'forfeiture by wrong doing' the Government introduced at the trial for the weapons possession. There raised the spectre of 'vindictive prosecution'. This apprehension was bolstered by the realization that, based on information available to the Government between October 2023 and January 2024. The Government was in a position to include in the first indictment, the superseding count of witness tampering, which it subsequently charged one month after an unsuccessful trial and an unprofessional commit after said trial, that the Government made to defense counsel and in the presence of Defendant's family members: " If he does not plea I'm going to charge him with obstruction."

A finding of actual vindictiveness requires direst evidence such as a statement by the prosecutor, which is available only in rear cases. United States V. Hu Ji, 662 F. Supp. 3d 424. Although prosecutors enjoy a wide discretion over whether and who to charge, prosecution can be vindictive if "pursued in retaliation for the exercise of a protected statutory or Constitutional right." United States V. Monsoor, 77 F.3d 1031, 1034 (7th Cir.1996). Here after the trial for the weapon offense defendant had no desire to negotiate any plea agreement with the government. Therefore, Vick had a Constitutional Right to proceed with a retrial. The prosecutors charging decision was a direct and unjustifiable penalty, that resulted solely from the defendant's exercise of a protected legal right.

Prosecution had ample time ad opportunity to charge the Defendant with this witness tampering charge when the information about these 'text messages' became available to the Government. For the Government to charge the Defendant after (1) a mistrial was declared and; (2) after the prosecutor made this unprofessional statement: (" if he does not plea I'm going to charge him with obstruction") shows this prosecutors conduct was motivated by some form of prosecutorial animus.

"To punish a person because he has done with the law plainly allows him to do is a Due Process violation of the most basic sort." United States V. Goodwin, 457 U.S. 368, 372, 102 S. Ct. 2485, 73 L. Ed. 2d 74 (1982). Courts must examine the totality of the objective circumstances' to determine whether it is likely that the decision to prosecute was a result of vindictiveness. United States V. Hu Ji, 662 F. Supp. 3D 424.

The relevant inquiry for this claim is whether "(1) the prosecutor harbored genuine animus; and (2) absent the motive would Defendant have been prosecuted" Cyprian, 23 at 1195.

Furthermore, if you examine the trial transcripts there is evidence to suggest the Government had no real basis to charge the defendant with witness tampering. In fact there is testimony to suggest that the Defendant never an anyway threatened or attempt to stop or influence any testimony from this alleged victim. The Government was actually aware this witness had no desire to cooperate, participate or testify in this trial.

THE COURT: "You have indicated that the defendant had conversations with Ms. Tropeano that caused-- and you're saying caused her to be absent today."

MS. NOTO: "Yes."

The Government indicates that the Defendant was the reason for Ms. Tropeano's reluctance to testify. Then later stated that the witness had not been cooperating and even told the prosecution that she was not coming after she was summons.

THE COURT: "Attorney Noto, do you have a log of how often she was contacted by law enforcement during this same period of time that you're talking about these messages?"

MS. NOTO: "In general I can tell you how many times she was served for the grand jury, phone calls that were made to her, and how many times she failed to show up."

This testimony proves the Government was aware of Ms. Tropeano's reluctance to participate in the trial, which also shows this prosecutor had a vindictive motive to charge the Defendant with witness tampering.

THE COURT: " And did she-- when did she give that statement to the police that Attorney Farrell was referring."

MS. NOTO: "Roughly April or May? April."

THE COURT: "And did she have other contact with your office since then."

MS. NOTO: " I was part of the phone call in April. She did not respond to any phone calls or contact between April and December. She had in-person contact with the agents when they served her but never called. She was provided with my number every time she was served, never called back, never came in did not appear to the summons to go to the supervised release hearing in Boston. I spoke with her on Tuesday in which she acknowledged that she had been served and said she wasn't coming."

These are not the actions of someone who is suppose to be a victim. Furthermore of a reason this evidence shows a vindictive motive on the prosecution.

THE COURT: " At any time has she indicated to anyone that she felt in physical danger if she was not to show up."

MS. NOTO: " She has not made that statement, no. She also did indicate in the messages that she call the Attorney General's office in Rhode Island to say that she did not want to go forward. However, I'm unable to verify that with the Attorney General's office in Rhode Island that they actually had that recantation from her. It is simply a representation that she made to this Defendant that she told them that she did not want to participate. What I think is significant, as I read through all these messages where he frequently blames her for him being in custody, she sometimes says, you know, ' I wish I could go back, I wish I could change it' but she never says that you didn't do those things."

The Court then acknowledges there was no basis for the forfeiture by wrong doing.

THE COURT: ... "And I see what is certainly a very pedestrian discussion between people who live a fairly chaotic life together, and clearly, she made allegations of domestic disturbance, domestic assault. There's nothing about this that indicates threats of physical violence for her to

cooperate to talk to show up. The idea that someone can say you really-- the reason these charges are here is because of you and that would relieve the Government of the obligation of having the witness come forward, I find that hard to believe."

I strongly believe based on the evidence mentioned above, its clear that this superseding indictment was a result of this prosecutors vindictive motive. And I challenge the sufficiency of the whole indictment, and the evidence this prosecutor submitted to the grand jury to secure this indictment.

Defendant would like to note other portions of the prosecutors testimony where this prosecutor reads messages between The defendant and Ms. Tropeano.

MS. NOTO: " That's correct this is not a transcript. This is their typing, and again, he says to her ' **you're still not answering my question, I just want to know if you're going to court since you don't respond'.** And she responds, 'I,m not going for the thousandth time'.

This Defendant is simply asking Ms. Tropeano if she was going to Court, this in no way is someone who is threatening, coercive, corruptly persuasive.

Not only were Ms. Tropeano and the Defendant in a seven year relationship together, they share a seven year old daughter together. This is someone the Defendant has a close relationship with even to this day regardless of the situation or circumstances.

All this is more sufficient evidence to show this over zealous prosecutor had a vindictive motive to adding an additional charge to this indictment.

WHEREFORE, defendant request this Honorable Court to conduct a hearing on this motion, take judicial notice of all the facts and circumstances that took place in the first trial of this cause, including statement of facts and transcript of said prior proceeding, and grant such other further relief to which the defendant may be entitled.

RESPECTFULLY SUBMITTED,

CHARLIE D. VICK